# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

No. 20-20015

JOSEPH BARNARD HINES,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1788

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Joseph Barnard Hines, Texas prisoner # 901768, moves this court for a certificate of appealability (COA) following the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1999 conviction for aggravated robbery and 15-year term of imprisonment, which he has fully discharged. He contends that reasonable jurists would debate whether, for the purpose of habeas jurisdiction, he is in custody

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-20015

pursuant to a separate aggravated sexual assault conviction and life sentence that was enhanced by the robbery conviction and whether he alleges valid claims with respect to his robbery conviction.

To obtain a COA, a § 2254 petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of federal habeas relief is based on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Hines fails to make the requisite showing for issuance of a COA. *See Slack*, 529 U.S. at 484. His motion for a COA is therefore denied. To the extent that he requests a COA regarding the district court's denial of an evidentiary hearing, we construe his motion as a direct appeal of that issue and affirm. *See Norman v. Stephens*, 817 F.3d 226, 234-35 (5th Cir. 2016).

COA DENIED; AFFIRMED.